## Duggan's Account

D. K. *Ferree* and W. J. *Brennan,* for executor.

GARDNER, J., July 25, 1934.—Upon the decease of the original guardian, Eugene J. Duggan, the City Deposit Bank & Trust Company was appointed as successor guardian of the estate of Leo. J. Duggan, a weak-minded person. The Union Trust Company of Pittsburgh, one of the executors of the estate of Eugene J. Duggan, has now filed the fourth and final account of Eugene J. Duggan as guardian of the estate of the said weak-minded person. The successor guardian has filed two exceptions to said account.

The first exception is as to the item "principal—personalty stock—Pittsburgh Mortgage Company, 10 shares common par value $50— $500". This is excepted to for the reason that said stock was acquired during the guardianship and is not a legal investment of trust funds.

The second exception is that the expenditures for the maintenance and care of the said Leo J. Duggan were excessive.

The first exception only was pressed at the oral argument. It appears that the Duggan family were heavily interested in the Provident Collateral Association, of which the said Leo J. Duggan was a stockholder. The family was also interested in the Pittsburgh Mortgage Company and during the course of the guardianship the Provident Collateral Association was liquidated and the money received therefrom under a family arrangement was transferred to the Pittsburgh Mortgage Company. While the stock in the Pittsburgh Mortgage Company would not be a legal investment for a trust interest, yet the securities underlying said stock are mortgages on real estate, which would have been a legal investment. Under all the circumstances we are not inclined to surcharge the estate of the former guardian in the sum of $500, the value of this stock as shown by the account. Therefore, the exceptions to the account are dismissed.

We do not feel, however, that the new guardian should be charged with the sum of $500 as the value of said stock, as its present value is very doubtful, therefore will charge the new guardian with this stock at a valuation of $1.

Counsel for the accountant has also filed his petition with us asking for additional counsel fees by reason of the additional work imposed upon him by reason of the filing of exceptions and other detail services required. In the account he claimed credit for $75 as counsel fees. We are of the opinion that by reason of the filing of the exceptions he should be allowed an additional fee and therefore have fixed the fee for his services at $150.

The further question was raised as to whether or not the estate of Eugene J.

Duggan is entitled to further compensation as guardian of the said Leo J. Duggan other than what he has already received. A careful examination of all the accounts filed by said guardian would indicate that he has been amply paid for all services rendered in connection with the estate and therefore no further compensation will be allowed.